UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TONEY MARK WILLIAMS,

    Petitioner,          Case No. 1:20-cv-11111

v.                   Honorable Thomas L. Ludington
                    United States District Judge
MIKE BROWN, warden,[1]

    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

  Petitioner Toney Mark Williams, imprisoned at Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2017 jury conviction of assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84. He argues insufficient evidence to disprove self-defense, insufficient notice of the 25-year mandatory sentence, and that the mandatory sentence violated the Eighth Amendment and separation of powers.

  The Petition will be dismissed with prejudice, a certificate of appealability will be denied, and Petitioner will be denied leave to appeal *in forma pauperis*.

**I.**

  On December 1, 2013, a man ("Victim") living in Eastpointe, Michigan, posted a Craigslist ad for sexual companionship. ECF No. 8-15 at PageID.1542–43. Petitioner responded to Victim's ad, and they arranged to rendezvous at Victim's house. *Id.* at PageID.1543–44, 1548–49. When

---

[1] The proper respondent in a habeas case is the petitioner's custodian: the warden of the facility. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), 28 foll. U.S.C. § 2254. Mike Brown is the current warden of Kinross Correctional Facility.

Petitioner arrived, they went upstairs, "disrobed[,] and proceeded to have sex." *Id.* at PageID.1547. Petitioner cleaned up, got dressed, and then asked Victim for a drink of water. *Id.* at PageID.1550–52. What happened next is presumptively true[2]:

> The victim testified that Williams came up behind him unprovoked and hit him with a pellet gun before grabbing him and saying "you're going to die tonight." The victim testified that, at the time, he had his back to Williams and was filling up a glass of water. A scuffle ensued that, according to the victim, resulted in the victim being beaten over the head with a pan, stabbed, and bitten. He testified that throughout the ordeal, Williams continued to say "you're going to die tonight."

*People v. Williams*, No. 339229, 2018 WL 6624859, at *1 (Mich. Ct. App. Dec. 18, 2018).

The jury acquitted Petitioner of assault with intent to murder but convicted him of assault with intent to do great bodily harm less than murder. ECF No. 8-18 at PageID.2061–62. Petitioner's sentencing occurred over two days so that the trial court could investigate whether the 25-year mandatory minimum would apply. ECF No. 8-21 at PageID.2149. Concluding it would, the trial court sentenced Petitioner to 25–50 years' imprisonment. ECF No. 8-23 at PageID.2195.

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *Williams*, 2018 WL 6624859, at *5. In a form order, the Michigan Supreme Court denied leave to appeal. *People v. Williams*, 924 N.W.2d 554 (Mich. 2019) (mem.).

Then Petitioner filed a petition for a writ of habeas corpus, presenting the same issues he raised on direct appeal: (1) that the prosecution failed to disprove self-defense; (2) that the evidence is insufficient under the Due Process Clauses of the United States and Michigan Constitutions; (3) that the trial court erred in applying the 25-year mandatory minimum because the original habitual-offender notice did not list the required number of prior felonies and was amended in

---

[2] "Findings of fact made by the state court are presumed to be correct unless rebutted by 'clear and convincing evidence.'" *Hartman v. Bagley*, 492 F.3d 347, 356 (6th Cir. 2007) (quoting *Benge v. Johnson*, 474 F.3d 236, 241 (6th Cir. 2007)).

error; and (4) that the mandatory minimum under Michigan Compiled Laws § 769.12 constitutes cruel or unusual punishment under the United States and Michigan Constitutions and the separation-of-powers doctrine. ECF No. 1 at PageID.7–25.

## II.

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which "circumscribe[s]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

### A.

"The AEDPA standard of review only applies to claims that were 'adjudicated on the merits in State court proceedings.'" *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010) (quoting *Hartman v. Bagley*, 492 F.3d 347, 356 (6th Cir. 2007)).

If a state-court decision "is unaccompanied by an explanation," then the habeas petitioner must still show that "there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). However, if the state court denies relief for "a federal claim," then "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99 (citation omitted). This presumption can be overcome only if "there is a reason to think some other explanation for the state court's decision is more likely." *Id.* at 99–100 (citation omitted).

Here, the Michigan decisions were on the merits. After the Michigan Court of Appeals rejected the appeal with an elaborate analysis, ECF No. 8-26 at PageID.2209–14, the Michigan Supreme Court was "not persuaded that the questions presented should be reviewed," ECF No. 8-27 at PageID.2399. As the "denial of an application 'for lack of merit in the grounds presented' is

a decision on the merits of the issues raised," it "qualif[ies] for AEDPA deference." *Werth v. Bell*, 692 F.3d 486, 493–94 (6th Cir. 2012). Thus, AEDPA's deferential standard of review applies to the claims that Petitioner raised on direct appeal. *Wilson v. Sellers*, 138 S. Ct. 1188, 1190 (2018) ("A federal habeas court reviewing an unexplained state-court decision on the merits should 'look through' that decision to the last related state-court decision that provides a relevant rationale and presume that the unexplained decision adopted the same reasoning.").

**B.**

Under the amended 28 U.S.C. § 2254(d), a federal court may issue the writ only if the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *Franklin v. Francis*, 144 F. 3d 429, 433 (6th Cir. 1998).

A state court's decision is "contrary to" clearly established federal law if it either (1) applies a standard different than what Supreme Court precedent says to apply or (2) applies the correct precedent to materially indistinguishable facts but reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 397, 405–06 (2000). A state decision is not "contrary to" clearly established federal law if it applies a state-law standard that has "some similarity" to the Supreme Court's standard. *See Robertson v. Morgan*, No. 20-3254, 2020 WL 8766399, at *4 (6th Cir. Dec. 28, 2020).

An "unreasonable application" of federal law unreasonably applies the correct law to the facts of the case. *Williams*, 529 U.S. at 409. A mere error is not enough, as the state court's application of federal law "must have been objectively unreasonable," *Wiggins*, 539 U.S. at 520–21, and must be "given the benefit of the doubt," *Renico v. Lett*, 559 U.S. 766, 773 (2010). If fairminded jurists could disagree on the correctness of the state court's determination that a claim

lacks merit, then federal habeas relief is precluded. *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, if it is within the "realm of possibility" the state decision is reasonable, then habeas relief must be denied. *See Woods v. Etherton*, 578 U.S. 113, 113 (2016) (per curiam).

The federal court must presume the correctness of the state court's factual findings, 28 U.S.C. § 2254(e)(1), giving "complete deference" to any findings that are not "clearly erroneous," *West v. Seabold*, 73 F. 3d 81, 84 (6th Cir. 1996) (citation omitted). A "readiness to attribute error [to the state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overturn the state court's factual findings, the petitioner must prove by clear and convincing evidence that they were unreasonable "in light of the evidence presented in the State court proceeding." *Eady v. Morgan*, 515 F.3d 587, 594–95 (6th Cir. 2008) (citing 28 U.S.C. § 2254(d)(2), (e)(1)).

### III.

#### A.

Petitioner's first argument of error is insufficiency of the evidence. ECF No. 1 at PageID.7–9. Specifically, Petitioner alleges the prosecution failed to disprove his self-defense theory beyond a reasonable doubt. *Id.*

As a threshold matter, Petitioner's first argument is not cognizable on habeas review. Under Michigan law, people may use deadly force to protect themselves or others. *See People v. Dupree*, 788 N.W.2d 399, 407 (Mich. 2010) (citing Self-Defense Act, MICH. COMP. LAWS § 780.971 *et seq.*). The prosecution need not "disprov[e] the affirmative defense of self-defense beyond a reasonable doubt" unless the defendant establishes a *prima facie* case of it. *Id.* at 410. As an affirmative defense, however, self-defense "does not negate specific elements of the crime."

*People v. Reese*, 815 N.W.2d 85, 101 n.76 (Mich. 2012) (quoting *Dupree*, 788 N.W.2d at 405 n.11). Therefore, "the Constitution does not require that the prosecution disprove self-defense beyond a reasonable doubt." *Gilmore v. Taylor*, 508 U.S. 333, 359 (1993) (Blackmun, J., dissenting) (citing *Martin*, 480 U.S. at 233, 234); *see also Allen v. Redman*, 858 F.2d 1194, 1197 (6th Cir. 1988) (explaining that habeas review of sufficiency-of-the-evidence claims is limited to "*elements* of the crimes as defined the state" (first citing *Engle v. Isaac*, 456 U.S. 107 (1982); and then citing *Duffy v. Foltz*, 804 F.2d 50 (6th Cir. 1986)).

Nor can Petitioner establish a violation of due process. "[T]he due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." *Richardson v. Lebanon*, 384 F. App'x 479, 482 (6th Cir. 2010) (first quoting *Caldwell v. Russell*, 181 F.3d 731, 740 (6th Cir. 1999); and then citing *State v. Hancock*, 840 N.E.2d 1032, 1043 (Ohio 2006)). Accordingly, Petitioner's claim that the prosecutor failed to disprove his affirmative defense does not present a violation of his federal constitutional rights and is not cognizable on habeas review. *Caldwell*, 181 F.3d at 740; *see also Allen*, 858 F.2d at 1200.

Even if Petitioner's claim were cognizable, he would not be entitled to relief. Under AEDPA, a habeas court's "review of a state-court conviction for sufficiency of the evidence is very limited," *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018) (citing *Brown v. Konteh*, 567 F.3d 191, 204 (6th Cir. 2009)), as the "federal court may . . . overturn a state court decision . . . only if the state court decision was objectively unreasonable," *Tackett*, 956 F.3d at 367; *see also Smith v. Nagy*, 962 F.3d 192, 205 (2020) (explaining that the habeas court may not "reweigh the evidence or reassess the credibility of witnesses" (citing *Brown*, 567 F.3d at 205)).

The Michigan Court of Appeals's decision was not objectively unreasonable. First, it concluded that Petitioner's self-defense claims was insufficient because there was "[a]mple evidence . . . to discount" it. *People v. Williams*, No. 339229, 2018 WL 6624859, at *1 (Mich. Ct. App. Dec. 18, 2018) (unpublished); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Petitioner testified that, after he and Victim had sex, Victim went to the kitchen for water and "kind of flew off the handle" and attacked him with a knife after Petitioner declined Victim's next sexual request. ECF No. 8-16 at PageID.1760–63. According to Petitioner, he defended himself with a pan from the stove and, after scuffling into the dining room, grabbed a gun from the dining table, which Victim snatched and threw. *Id.* at PageID.1766, 1769–70. Petitioner suffered cuts to his hand and wrist but did not seek medical attention. *Id.* at PageID.1762–64, 1790, 1822. He showed his scar to the jury. *Id.* at PageID.1826.

But the jury considered ample evidence to the contrary, including Victim's testimony that Petitioner struck him twice in the head with a gun and that, when Victim managed to throw the gun across the room, Petitioner grabbed a pan from the stove and started "whacking [Victim] on top of the head" until the handle detached. ECF No. 8-15 at PageID.1554, 1571. Victim also said Petitioner grabbed a knife from a butcher block and held it to his throat before he grabbed it and bent it in half, cutting his hands in the process. *Id.* at PageID.1555–56. The jury was also presented with photographs of Victim's injuries, *id.* at PageID.1570, and Victim testified that he required staples and stitches to his head and sustained deep cuts to his hands that caused lingering nerve damage, *id.* at PageID.1569, 1580–81. Further, Michigan State Police Forensic Scientist Ashley Bolahan testified that DNA testing of a swab from the pellet gun's trigger hammer matched Petitioner but not Victim. *Id.* at PageID.1516. And a swab of the knife handle revealed a mixture of the DNA profiles of Victim and Petitioner. *Id.* at 1517–18.

After considering Petitioner's "testi[mony] to a different sequence of events" with all the evidence presented to the jury, the Michigan Court of Appeals properly determined that it should not "interfere with a jury's 'determinations regarding the weight of the evidence or the credibility of witnesses.'" *Williams*, 2018 WL 6624859, at *1 (quoting *People v. Stevens*, 858 N.W.2d 98, 103 (Mich. Ct. App. 2014) (per curiam)). Nor is it the role of this Court. *Smith v. Nagy*, 962 F.3d 192, 205 (2020). Simply put, this Court may not overturn the state-court decision.

In any event, federal habeas courts may not "reexamine state-court determinations on state-law questions," only "whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (first citing 28 U.S.C. § 2241; and then citing *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)); *accord Comer v. Warden Ohio State Penitentiary*, 577 F. App'x 534, 539 (6th Cir. 2014) ("To the extent this ruling is a state court's interpretation of state law, it is binding on a federal court sitting in habeas." (first citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam); and then citing *Estelle*, 50 U.S. at 67–68)). Because Petitioner only argues that the state courts misapplied Michigan's Self-Defense Act, which this Court may not disturb. For all the reasons stated above, Petitioner is not entitled to habeas relief on his first argument.

**B.**

Second, Petitioner argues the 25-year mandatory minimum of Michigan Compiled Laws § 769.12(1)(a) should not have been imposed on him, because the notice was inadequate and a late amendment of it was permitted in error. ECF No. 1 at PageID.11–17. This argument relies entirely on whether the proceedings complied with § 769.13(1). *Id.* at PageID.25–27. In this way, Petitioner's second argument is also based on "a state court's interpretation of state law," *Comer*, 577 F. App'x at 539, which cannot provide habeas relief, *Estelle*, 502 U.S. at 67–68.

## C.

Third, Petitioner protests that minimum required sentence that he received violates his constitutional right against cruel and unusual punishment. ECF No. 1 at PageID.20–22. The Michigan Court of Appeals disagreed because it found that Petitioner had "abandoned" the argument. *Williams*, 2018 WL 6624859, at *4. Indeed, he did not discuss the severity of his sentence, compare it to penalties for other crimes in Michigan, or compare it to penalties for the same crime in other states, all which is required to determine whether a punishment is cruel or unusual. *Id.* Therefore, the state court's decision was reasonable.

Even if Petitioner had made a better argument, he would not be entitled to relief on it, because a sentence within the statutory range "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Thus federal courts will not review the "proportionality" of a sentence unless "the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). His sentence was within the state-law range for his crime, and it was neither death nor life. In Michigan, the first time someone is conviction of assault with intent to inflict serious injury but not murder, they may be sentenced to 10 years' imprisonment at most. MICH. COMP. LAWS § 750.84. And, if someone has been convicted of three or more felonies subject to a maximum term of five years or more, then then their sentence may be "life or a shorter term." MICH. COMP. LAWS § 769.12(1)(b). Petitioner acknowledges he has at least three prior felonies,[3] so his 25-year minimum sentence is allowed under Michigan law.

---

[3] Petitioner requested the Michigan Court of Appeals remand his case for resentencing under the "fourth felony offense *general* habitual offender" statute. *See* Pet., ECF No. 1 at PageID.17. That general provision, MCL § 769.12(1)(b), permits sentencing of a fourth-time offender to "life or a lesser term," in contrast to the 25-year minimum of MCL § 769.12(1)(a).

Yet the United States Constitution does not require "strict proportionality between a crime and its punishment," so "only an extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000) (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991)); *accord Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) ("The gross disproportionality principle reserves a constitutional violation for only the extraordinary case."). Petitioner's violent conduct resulting in his conviction—savagely beating Victim with a cooking pot until the handle broke, then repeatedly stabbing him with a knife while proclaiming he was "going to die tonight"—do not give rise to an "extraordinary case" of disproportionality.

### D.

Finally, Petitioner claims his 25-year sentence is unconstitutional because it violates the separations of powers. ECF No. 1 at PageID.24–25. As Petitioner argued before the Michigan Court of Appeals, "the United States Constitution in fact contains no provision that explicitly declares that the powers of the three branches of the federal government shall be separated." *Id.*; 8-26 at PageID.2294–95. Thus he turns to the Michigan Constitution. ECF No. 1 at PageID.24–25 ("The framers of the Michigan Constitution of 1963, then, were not borrowing from a federal counterpart."). But, as discussed above, violations of state law may not support habeas relief. *See* discussion *supra* Section III.A.4; *see also Bailey v. Wainwright*, 951 F.3d 343, 347 (6th Cir. 2020) ("[Title 42 U.S.C. §] 2254 permits relief only if the petitioner 'is in custody in violation of' federal law."). Because Petitioner's separation-of-powers argument is a noncognizable state-law question, he is not entitled to habeas relief on it.

### IV.

Before Petitioner may appeal this dispositive decision, a certificate of appealability must

issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies habeas on the merits, the substantial-showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). In applying that standard, a district court may not conduct a full-merits review; it must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Because reasonable jurists would not disagree that Petitioner has not substantially showed the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). And Petitioner will be denied leave to appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

V.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that a Certificate of Appealability is **DENIED**.

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**This is a final order and closes the above-captioned case.**

Dated: April 4, 2023                                         s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge